# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV17-3252 PSG (RAOx) | Date | May 25, 2017 |
|---|---|---|---|
| Title | Khari Walker v. Spirit Leatherworks, LLC *et al.* | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    **Order to show cause re: lack of subject matter jurisdiction**

Before the Court are Defendants Spirit Leatherworks, LLC and William Adler's ("Defendants") Notice of Removal ("NOR"). Dkt. # 1. After reviewing the NOR, the Court is not convinced that it has subject matter jurisdiction. *See Levy v. BC Life & Health Ins. Co.*, No. CV 09-01862DDP(MANX), 2009 WL 1515254, at *1 (C.D. Cal. June 1, 2009) ("Unless a district court has subject matter jurisdiction, it is without power to hear a suit, and a federal court may dismiss *sua sponte* if jurisdiction is lacking."). Therefore, the Court orders Defendants to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.*

Defendant asserts that jurisdiction exists on the basis of diversity jurisdiction. *NOR* ¶¶ 6-9. While the Court is satisfied that Plaintiff Khari Walker is a citizen of California and that Defendant William Adler is a citizen of Oregon, more information is needed regarding the citizenship of Defendant Spirit Leatherworks, LLC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV17-3252 PSG (RAOx) | Date | May 25, 2017 |
|---|---|---|---|
| Title | Khari Walker v. Spirit Leatherworks, LLC *et al.* | | |

   Defendant Spirit Leatherworks, LLC is a limited liability company.  *NOR* ¶¶ 7. If a party is a limited liability company, it is a citizen of each and every state of which its members are citizens.  *C.T. Carden, et al. v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thus, because the NOR does not set forth the citizenship of each of Defendant Spirit Leatherworks, LLC's members with specificity, the Court cannot assess whether there exists complete diversity between the parties.

   As such, the Court orders Defendants to show cause in writing by **June 19, 2017** why the Court should not dismiss this action for lack of subject matter jurisdiction.  Failure to respond as ordered may result in this case being remanded to state court.

   **IT IS SO ORDERED.**